OPINION OF THE COURT
Linda S. Jamieson, J.
Plaintiff brings this motion seeking (1) to strike the answers of defendants Del Vito Contracting Co., Inc., the Village of Mamaroneck, and the Town of Mamaroneck, and grant summary judgment as to them; (2) the appointment of a referee in this tax lien foreclosure action; and (3) to amend the caption to name one John Doe, and strike the rest. Plaintiff has several tax liens on property owned by Del Vito located in Mamaroneck. Each tax lien is in an amount of approximately $5,000 to $6,000, and was incurred from 2008 through 2012.
Del Vito brings a cross motion to dismiss the action on the basis that the tax liens are invalid. The basis for this motion is that the tax liens “were created under the authority of a repealed statute, never reactivated beyond December 31, 1997.” A review of the statute and the subsequent session law affording it continuing applicability are in order. In 1993, the New York State Legislature repealed title 3 of article 14 of the Real Property Tax Law, chapter 602, that authorized the creation and foreclosure of tax liens. At about the same time, the legislature adopted a law that allowed villages to opt back into that same repealed statute (L 1993, ch 602, § 6, as amended by L 1994, ch 532, § 9), by adopting a village law on or before September 1, 1994.* The original opt-in statute allowed for tax liens for 1995, 1996 and 1997. There is no dispute that the Village did adopt an appropriate opt-in law, timely and effectively (the Village Tax Lien Law), on August 8, 1994 (Local Law No. 7 [1994] of Village of Mamaroneck). Thereafter, in July 1998, the legislature amended the opt in session law to provide for tax liens through 2000. In October 2001, the legislature extended this period through 2003. Subsequent amendments each extended the expiration date for additional three-year periods. The present amendment, adopted in July 2012, allows for the tax liens to continue through December 31, 2015.
*364 Del Vito’s complaint is that any tax liens from any year after 1997 are invalid, because there was no proper law adopted by the Village at any time after the August 1994 Village Tax Lien Law. Del Vito argues that “plaintiff reaps no benefit from the series of session laws which amend at three (3) year intervals the 1993 opt-in session law retroactively,” because “the Village opted back to the old law only once . . . and then, effective only through December 31, 1997.” Del Vito explains its position further: the “only local law ever enacted on the subject. . . applies only to its then authorized period, January 1, 1995 through December 31, 1997.”
In response, the Village states that when the legislature amended the relevant law for each three-year period (as stated, presently through 2015), it always stated that it was “deemed effective July 26, 1994.” The Village explains that “when each of these Session Laws were adopted, the Legislature specifically contemplated and provided for the amended deadlines to relate back to the initial enactment of chapter 602.”
A review of the repealed statute, and Laws of 1993, chapter 602 (as amended by L 1994, ch 532; L 1998, ch 466; L 2001, ch 367; L 2003, ch 431; L 2006, ch 599; L 2009, ch 230; L 2012, ch 154), shows that each amendment not only states that it is effective as of July 26, 1994, but the language remains the same: that the villages must adopt a local law “no later than September 1, 1994” (L 1993, ch 602, § 6, as amended by L 1994, ch 532, § 9). This court interprets the statute, session law, and the amendments thereto, in the only way that makes sense: although the initial statute only allowed those village laws that were timely enacted (on or before Sept. 1, 1994) to be extended through 1997, subsequent amendments to chapter 602 provided that village laws that were properly enacted on or before September 1, 1994 (such as the Village Tax Lien Law) would continue for each subsequent three-year period. This interpretation comports with both the July 26, 1994 effective date, and the fact that the subsequent amendments also require that the village enact the laws no later than September 1, 1994. Any other interpretation makes no sense.
Del Vito’s statement that the legislature’s enactment of these extensions “results in a meaningless condition precedent,” because the Village could never fulfill it “except by resort to a science fictional, non-existent time warp,” would require the court to interpret the law in a way that defies logic. The court does not agree with Del Vito that the legislature suffered from a *365 “logical flaw”; rather, the simple explanation is that the legislature has merely extended the initial three-year period on several occasions, but only for those villages, such as Mamaroneck, that properly opted in on or before September 1, 1994.
Accordingly, Del Vito’s motion is denied in its entirety. Plaintiff shall submit a proposed order of reference, on notice to all defendants.

 The court presumes that the reason that the legislature repealed the statute, but allowed villages to opt in and allow it to continue, was to require the affirmative act of opting in.